United States District Court
Southern District of Texas
ENTERED
June 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J. KAROWALIYA AND S.J. KAROWALIYA,<br>*Plaintiffs*, | § § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-02342 |
| | § | |
| JOSEPH B. EDLOW,[1]<br>DIRECTOR OF U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>*Defendant*. | § § § § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss.[2] ECF 11. Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] For the reasons outlined below, the Court RECOMMENDS that Defendant's Motion (ECF 11) be GRANTED and Plaintiff's claims DISMISSED WITHOUT PREJUDICE.

---

[1] Joseph B. Edlow is automatically substituted for his predecessor, Ur M. Jaddou. Fed. R. Civ. P. 25(d).

[2] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

[3] Because the Court determines that it lacks subject matter jurisdiction over the claims, the Court does not reach the motion under Rule 12(b)(6). *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (explaining that where a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the jurisdictional attack first).

## I. Factual and Procedural Background.

The Immigration and Nationality Act ("INA") governs the admission of noncitizens into the United States. 8 U.S.C. § 1101 *et seq.* The INA authorizes the U.S. Department of Homeland Security ("DHS") to issue U nonimmigrant status ("U visa") to noncitizen victims of qualifying crimes who cooperate with law enforcement. 8 U.S.C. §§ 1101(a)(15)(U), 1184(p). *See also* Victims of Trafficking and Violence Act of 2000, Pub. L. No. 106-386, § 1513(a)(2)(A), 114 Stat. 1464, 1533 (explaining the purpose of the visa is to "strengthen the ability of law enforcement to detect, investigate, and prosecute" certain crimes committed against aliens). The United States Citizenship and Immigration Services ("USCIS") has exclusive jurisdiction over the adjudication of U visa petitions. 8 C.F.R. § 214.14(c)(1).

The INA caps the number of U visas that can be granted each year at 10,000. 8 U.S.C. § 1184(p)(2)(A). This cap is routinely reached. *See Vimal S. P. v. Garland*, No. 4:24-CV-04002, 2025 WL 2774400, at *1 n.1 (S.D. Tex. Sept. 26, 2025) (citing DHS data for years for previous 15 years). To address this backlog, USCIS administers two processes: the waitlist and Bona Fide Determination ("BFD"). *Hernandez v. Jaddou*, No. 4:24-CV-00453, 2025 WL 819657, at *1 (S.D. Tex. Mar. 6, 2025). The waitlist consists of eligible petitioners who have not been granted their U visa solely because of the cap. 8 C.F.R. § 214.14(d)(2). Individuals placed

on the waitlist will be granted deferred action and are eligible for employment authorization. *Id.* Under the BFD process, USCIS reviews a petition to determine if it is bona fide, and if so, the petitioner *may* receive work authorization and deferred action. 8 U.S.C. § 1184(p)(6); *Vimal*, 2025 WL 2774400, at *2. If a petitioner receives BFD approval, he or she is not placed on the waitlist. *Id.* If the petitioner does not receive BFD approval, USCIS will determine the petitioner's waitlist eligibility. *Hernandez*, 2025 WL 819657, at *1. Whether on the waitlist or with BFD approval, petitioners await a final adjudication of their U visa. *Id.*

Plaintiffs allege they are Indian nationals residing in Fort Bend County, Texas. ECF 1 ¶¶ 1-2, 15. Plaintiff J. Karowaliya alleges that he was the victim of an armed robbery that occurred in Houston, Texas on September 26, 2023. *Id.* ¶ 16. J. Karowaliya claims he filed an I-918, Petition for U Nonimmigrant Status, and an I-765, Application for Employment Authorization, in September 2024. *Id.* ¶¶ 17-18. J. Karowaliya also claims he filed an I-918A, Petition for Qualifying Family Member of U-1 Recipient, for his qualifying family member Plaintiff S.J. Karowaliya. *Id.* ¶¶ 21-22. Plaintiffs allege that Plaintiff S.J. Karowaliya also filed an I-765 for work authorization. *Id.* ¶ 23. Plaintiffs allege that USCIS has taken no action on their petitions and applications. *Id.* ¶ 26.

Plaintiffs, proceeding pro se, filed their Complaint in May 2025. ECF 1. Plaintiffs bring claims under the Administrative Procedure Act ("APA") (5 U.S.C.

§ 706(1)) seeking to compel USCIS action on their BFDs and work authorizations due to an unreasonable delay. ECF 1 ¶¶ 33, 111-112. Defendant filed a Motion to Dismiss on December 9, 2025. ECF 11. Plaintiffs filed a Response (ECF 12), and Defendant did not file a Reply. The Motion is ripe for adjudication.

## II. Legal Standards.

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

## III. Analysis.

### A. The Court lacks subject matter jurisdiction.

The APA grants federal courts jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed" (5 U.S.C. § 706(1)), but the APA does not apply where another statute precludes judicial review or the agency action is discretionary by law. *Id.* § 701(a). The INA specifically precludes judicial review of

> any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter [governing immigration] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) [regarding asylum] of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).[4] Therefore, whether an agency action is mandatory or discretionary implicates the Court's jurisdiction in the immigration context. *Vimal*, 2025 WL 2774400, at *4 (citing *Bouarfa v. Mayorkas*, 604 U.S. 6, 10-11 (2024)).

#### 1. The Court lacks subject matter jurisdiction over the work authorization decision because it is discretionary.

The INA provides the "Secretary *may* grant work authorization to any alien who has a pending, bona fide application" for U nonimmigrant status. 8 U.S.C. § 1184(p)(6) (emphasis added). Settled law holds that the word "'may' *clearly* connotes discretion." *Bouarfa*, 604 U.S. at 13 (2024) (cleaned up, emphasis in

[4] The APA also does not apply to "agency action . . . committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

original). Therefore, the Court lacks jurisdiction to review the work authorization decision because it is purely discretionary. *See Vimal*, 2025 WL 2774400, at *4 (holding the decision to issue a work permit to a U visa applicant is discretionary, so the court lacks subject matter jurisdiction to review it under the APA); *D'Cruz v. U.S. Citizenship & Immigr. Servs.*, No. CV H-24-340, 2024 WL 4523307, at *4 (S.D. Tex. Oct. 9, 2024); *Lopez v. Jaddou*, No. 4:24-CV-2128, 2025 WL 3251626, at *5 (S.D. Tex. Nov. 21, 2025).

**2. The Court lacks subject matter jurisdiction over the BFD decision because it is discretionary.**

Section 1252(a)(2)(B)(ii)'s preclusion of jurisdiction applies not only to specified discretionary actions, but also to any policy that is a practical application of the discretion afforded to the Attorney General or the DHS Secretary. In *Patel v. Garland*, the Supreme Court analyzed one part of the INA's jurisdiction stripping provision, which precludes jurisdiction over judgments granting particular forms of relief. *Patel v. Garland*, 596 U.S. 328, 338-39 (2022). The Supreme Court held the provision precluded judicial review of grants of relief "but also any judgment *relating to* the granting of relief." *Id.* at 339 (2022) (emphasis in original). The Fifth Circuit applied *Patel*'s holding to the jurisdiction-stripping subsection at issue here, section 1252(a)(2)(B)(ii). *Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 1126 394(2025). The *Cheejati* court concluded that, as in *Patel*,

practical applications of the discretion specifically afforded to the Attorney General or DHS Secretary are also precluded from review. *Id.* at 394.

Unlike work authorization for U visa petitioners, the INA does not specifically mention the BFD process; instead, it is set forth in USCIS' Policy Manual. *Lopez*, 2025 WL 3251626, at *5. *See also* U.S. CITIZENSHIP AND IMMIGR. SERVS., 3 POLICY MANUAL PT. C CH. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (current as of May 8, 2026). A BFD decision results from a practical application of USCIS' discretion because it provides a necessary predicate to the discretionary decision to issue work authorization to a U visa petitioner under § 1184(p)(6). *Vimal*, 2025 WL 2774400, at *4. *See also* 8 U.S.C. § 1184(p)(6) ("The Secretary *may* grant work authorization to any alien *who has a pending, bona fide application* for [U] nonimmigrant status" [emphasis added]). Because a BFD decision requires application of USCIS discretion, the Court lacks jurisdiction under the APA to review a BFD decision. *See, e.g.*, *Hernandez*, 2025 WL 819657, at *5 (finding a BFD decision is a practical application of the Secretary's discretionary authority under section 1184(p)(6) and is therefore unreviewable); *Lopez*, 2025 WL 3251626, at *5; *D'Cruz*, 2024 WL 4523307, at *4.

**3. The Court lacks jurisdiction over any potential claim under the Mandamus Act.**

In their Response, Plaintiffs assert that they alternatively bring a claim for mandamus under 28 U.S.C. § 1361. ECF 12 at 3-4. Their Complaint does not

mention the Mandamus Act or mandamus as a claim separate from their APA claim. *See generally* ECF 1. Nevertheless, the Court liberally construes pro se Plaintiffs' pleadings and addresses the alternate mandamus claim.

The Mandamus Act provides courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary remedy that requires plaintiff show: (1) "a clear right to the relief sought, [(2)] a clear duty by the defendant to do the particular act, and [(3)] that no other adequate remedy is available." *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (internal quotation marks and citations omitted). Therefore, mandamus is inappropriate where the agency action in question is discretionary. *Id.*

"On the threshold jurisdictional question, there is no meaningful distinction between the Mandamus Act and the APA claims." *Vimal*, 2025 WL 2774400, at *8 (analyzing APA and Mandamus Act claims in identical manner under similar facts). Beyond the issue that the Mandamus Act cannot be used to review discretionary acts of officials (*Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992)), Plaintiffs' mandamus claims mirror the relief sought through their APA claims. As with the APA claims, the Court lacks jurisdiction to conduct mandamus review of USCIS' discretionary acts (i.e., the BFD and work authorization) due to the INA's

jurisdiction stripping provision. *See Macias v. Jaddou*, No. 3:24-CV-724-L, 2025 WL 624491, at *4 (N.D. Tex. Feb. 26, 2025) (explaining that Section 1252(a)(2)(B)(ii) bars jurisdiction over Mandamus Act claims that seek review of USCIS' discretionary actions).

## IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion (ECF 11) be GRANTED and Defendant's claims be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 01, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge